FILED
2011 Aug-30 PM 03:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| PAMELA SULLIVAN, )<br>)<br>　Plaintiff, )<br>) <br>v. )<br>)<br>PIONEER DISCOUNT FURNITURE, )<br>INC., )<br>)<br>　Defendant. ) | Case No.: 2:11-CV-1453-JEO |

## **MEMORANDUM OPINION**

This case is before the court on Plaintiff's Motion for Entry of Judgment by Default for Failure to Appear (doc. # 5), filed June 22, 2011. [1] On August 4, 2011, Plaintiff filed a supplemental affidavit which explains the calculations used to derive the requested damage award. (Doc. # 8). Having considered Plaintiff's motion and supporting affidavits, the court finds Plaintiff's Motion for Default Judgment (doc. # 5) is due to be granted.

## I.   PROCEDURAL HISTORY

This case was filed on May 2, 2011. (Doc. # 1). Defendant was served with the summons and Complaint on May 6, 2011. (Doc. # 4). Defendant's answer or other

---

[1] Plaintiff did not demand a jury trial.

responsive pleading was due by May 27, 2011. However, Defendant did not answer or otherwise respond to Plaintiff's Complaint and on June 22, 2011, Plaintiff moved for Default Judgment. (Doc. # 5). The Clerk entered a default against Defendant on July 13, 2011. (Doc. # 6).

**II.    DISCUSSION**

Plaintiff's lawsuit seeks to recover for Defendant's violations of the Fair Labor Standards Act ("FLSA"). Her complaint alleges that Defendant is a retail furniture store in Birmingham, Alabama, where Plaintiff was employed from June 2008 until March 16, 2011 (Doc. # 1 at ¶¶ 2, 11). During Plaintiff's employment, she worked as many as sixty hours per week. (Doc. # 1 at ¶ 14). At the time Plaintiff left Defendant's employment, she was being paid $450.00 per week, $5.00 less than the established federal minimum. (Doc. # 1 at ¶ 15)

Plaintiff requests that the court enter default judgment in her favor in the amount of $22,932.32.[2] That figure is composed of $10,658.25 in back pay, $10,658.25 in liquidated damages as provided for in 29 U.S.C. § 216(b); and attorney's fees and expenses, as provided for in 29 U.S.C. § 216(b), in the amount of

---

[2] Plaintiff's motion asks for $20,090.49. However, when calculating that figure, Plaintiff erred in determining that Plaintiff's halftime rate is $3.25. When using the calculation provided by Plaintiff (($450.00/60)/2) it is clear that the appropriate halftime rate is $3.75. Thus, the court calculated Plaintiff's damages using the correct halftime rate.

$1,615.82.  (Doc. # 8-1 at ¶¶ 7-11).

Rule 55(b)(2) allows the court to enter a default judgment when the clerk has entered a default and the party seeking judgment has applied to the court for a default judgment.  To determine whether the moving party is actually entitled to a default judgment, the court must review the sufficiency of the complaint and its underlying merits.  *See Stegeman v. Georgia*, 290 Fed. App'x 320, 323 (11th Cir. 2008) (citing *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).  Upon consideration of the pleadings and the findings of fact set forth above, the court finds that Plaintiff is entitled to the entry of a default judgment against Defendant in the amount of $22,932.32.

**DONE** this the 30th day of August, 2011.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge